### Joshua Hightower v. The State.

The declarations of a party, jointly indicted with the defendant, are not admissible as evidence against the defendant, when there is no proof of a conspiracy between them.

The defendant's motion for a new trial should have been sustained. The whole testimony, taken together, did not implicate him in any offence, or show that the alleged offence was committed in the county where the indictment was found.

Appeal from Johnson. Tried below before the Hon. Ed. H. Vontress.

The appellant, and William Shelly, S. S. Taylor, J. W. Lynn, M. Shelton and Thomas Hightower, were indicted for the false imprisonment of J. Simons. Upon the trial, C. J. Jaco, a witness for the State, testified, "That on the 18th of March, 1857, "he went to S. S. Taylor's, and there saw Simons lying down "in the corner of the fence, and Wm. Shelly, S. S. Taylor, M. "Shelton, J. W. Lynn, Thomas Hightower and Joshua High-"tower, standing round about, and he went up to Simons, "who got up and started off with him. When they started, "William Shelly called to him, and said 'what are you going to "do with our prisoner?' They were standing about as though "guarding Simons. Did not hear defendant say, or see him do "anything—saw no guns."

Profit, a witness for the State, testified, "That Shelly told "him, on Tuesday, the seventeenth day of March, and the

"day after the prisoner was released, they arrested Simons on "Sunday, the fifteenth of March, for stealing a hog; that they "let him go that evening after taking his gun and knife as se-"curity for his return the next day; that Simons went home, "and returned the next day; that they let him go the first day, "thinking he would run off; that on the second day, Jaco and "his party came and released him; that he said they had no "warrant."

Lynn, a witness for defendant, testified, "That he was at "Hightower's on Sunday, the 15th of March; that he kept a "ferry on the Brazos river; that he was sent for to ferry some "persons over the river; that he asked defendant to walk with "him to the river; that they went, and found Shelly, Shelton "and Taylor, on the opposite side of the river; that they went "after them, and ferried them over. On their return they found "Simons on the bank; that shortly after, Shelly arrested him, "(Simons,) and charged him with stealing a hog, which Simons "confessed; that the defendant had nothing to do with the "arrest, but looked on as a spectator; that next day, defend-"ant started to the blacksmith's shop with his plow, and seeing "some persons at the turnip patch, with Simons, he (the de-"fendant,) came up and looked on a few minutes, when Jaco "came and took Simons off; no one attempted to prevent it."

The above was all the testimony, on behalf of either party produced upon the trial. The appellant was the only one of the parties indicted, who was upon trial. The jury found him guilty, and assessed a fine of fifty dollars against him; and he moved for a new trial, because the court had overruled his objection to the testimony of the witness, Profit, and improperly permitted the testimony of said witness to go to the jury; and because the verdict of the jury was contrary to the evidence. This motion was overruled by the court.

*J. W. Ferris,* for appellant.

*Attorney General,* for appellee.

BELL, J. The charge of the court is not contained in the record. It is plain, however, that the court erred in permitting the declarations of the witness, Shelly, to go to the jury as evidence. There was no proof of a conspiracy between the defendant and the witness Shelly, and others, to entitle the declarations of Shelly to be considered as the confessions of a co-conspirator. But even if Shelly's declarations were admissible, there is nothing in the whole testimony, taken together, to implicate the defendant in any offence. And there is no evidence that the offence, of which the witnesses spoke, was committed in the county of Johnson. The verdict of the jury was entirely unsupported by the evidence, and the court therefore erred in overruling a motion for a new trial. The judgment is reversed and the cause remanded.

Reversed and remanded.